# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CINDY ORNER, *Individually and on Behalf of the Estate of Raymond J. Orner, Deceased*,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL LABORATORIES, Inc., *et al.*,<br><br>Defendants. | Civil No. 1:20-CV-00449<br><br><br><br><br><br><br><br><br><br><br><br>Judge Jennifer P. Wilson |

## MEMORANDUM

This is a products liability, negligence, and wrongful death suit arising out of the alleged mislabeling of medication. The case is presently before the court on a motion to dismiss the complaint for insufficient service of process filed by Defendant International Laboratories, LLC. For the reasons that follow, the motion is denied.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Cindy J. Orner ("Plaintiff") initiated this case through the filing of a writ of summons on December 11, 2019 in the Franklin County Court of Common Pleas and subsequently filed a complaint in that court on behalf of herself and the estate of her husband, Raymond J. Orner, Jr. ("Decedent"), on February 26, 2020. (Doc. 1-3.) According to the allegations in the complaint, Decedent had been taking prescription Clopidogrel since April 2017. (Doc. 1-3 ¶ 15.) Clopidogrel "is

1

a platelet inhibiting medication that is prescribed to patients with various cardiovascular diseases, peripheral arterial disease, and patients with a history of strokes." (*Id.* ¶ 16.) Decedent was prescribed Clopidogrel "as a prophylactic measure for the prevention of blood clots, heart attacks, and strokes." (*Id.* ¶ 17.) Missed doses of Clopidogrel increase a person's risk of life-threatening heart attacks and strokes. (*Id.* ¶ 18.)

On November 16, 2017, Decedent went to Walmart Supercenter #3633 ("the store") in Waynesboro, Pennsylvania to fill his Clopidogrel prescription. (*Id.* ¶¶ 8, 19.) The store had previously received a shipment from Defendant International Laboratories, LLC ("International Laboratories") that purportedly contained 75-milligram bottles of Clopidogrel. (*Id.* ¶ 20.) Many of the bottles in the shipment, however, actually contained 10-milligram tablets of a different medication, Simvastatin. (*Id.* ¶ 22.) The store distributed one of those bottles to Decedent. (*Id.* ¶ 23.) Thus, rather than receiving Clopidogrel in accordance with his prescription, Decedent allegedly received a bottle of Simvastatin that had been mislabeled as a bottle of Clopidogrel. (*Id.*)

Believing that he had received the correct medication from the store, Decedent took Simvastatin instead of Clopidogrel for several weeks. (*Id.* ¶ 24.) Because he was not taking Clopidogrel in accordance with his prescription, his risk of suffering a heart attack or a stroke increased. (*Id.* ¶ 25.)

On December 12, 2017, Decedent suffered a heart attack and died at the age of 55.  (*Id.* ¶¶ 26–27.)  Decedent's family believed that the heart attack was brought on by natural causes until they received a letter from International Laboratories on January 10, 2018, which acknowledged that some bottles labeled as Clopidogrel had actually contained Simvastatin.  (*Id.* ¶¶ 28–29.)

Plaintiff's complaint names Walmart and International Laboratories as Defendants.  (*Id.* ¶¶ 6–8.)  The complaint raises causes of action for strict products liability, negligence, and wrongful death against International Laboratories and separate causes of action for negligence and wrongful death against Walmart.  (*Id.* ¶¶ 30–60.)

The case was removed to this district on March 16, 2020.  (Doc. 1.)  Following removal, International Laboratories moved to dismiss the complaint for improper service of process on June 16, 2020.  (Doc. 15.)  Briefing on the motion to dismiss is complete, and the motion is ripe for the court's disposition.  (*See* Docs. 16, 18.)[1]

### FACTUAL BACKGROUND RELATING TO SERVICE OF PROCESS

The parties agree on the facts relevant to the service of process question, which began when Plaintiff filed a writ of summons in the Franklin County Court

---

[1] Walmart has also moved to dismiss the complaint for failure to state a claim upon which relief may be granted.  (Doc. 5.)  That motion to dismiss is addressed in a separate opinion.

of Common Pleas to initiate the case on December 11, 2019.  (Doc. 16 at 2.)

Plaintiff attempted to serve International Laboratories with process via certified

mail on December 19, 2019,[2] but the process was returned to sender by the United

States Postal Service.  (Doc. 16 at 2; Doc. 18 at 3.)  Plaintiff then filed a complaint

in the case on February 26, 2020, and the case was removed to this district on

March 16, 2020.  (Docs. 1-3, 1.)

     Following the removal of the case, counsel for International Laboratories

provided Plaintiff's counsel with an updated address for International Laboratories

on April 7, 2020.  (Doc. 16 at 4; Doc. 18 at 3–4.)  Plaintiff reinstated the Franklin

County writ of summons and attempted to serve that writ on International

Laboratories on April 20, 2020.  (Doc. 16 at 4; Doc. 18 at 4.)  This attempt to serve

International Laboratories proved unsuccessful, so on May 7, 2020, Plaintiff's

counsel again contacted counsel for International Laboratories to inquire as to the

proper address for service.  (Doc. 16 at 4; Doc. 18 at 4.)  Counsel for International

Laboratories provided a different address to Plaintiff's counsel on May 8, 2020.

(Doc. 16 at 4; Doc. 18 at 4.)  Plaintiff then served International Laboratories with

the reinstated Franklin County writ of summons on May 11, 2020, but did not

---

[2] Since there is no dispute as to the sufficiency of Plaintiff's service to Walmart, this section only contains facts relevant to Plaintiff's service of International Laboratories.

serve International Laboratories with federal process. (Doc. 16 at 4; Doc. 18 at 4.) Plaintiff has not yet filed proof of service. (Doc. 16 at 4.)

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1332, which allows a district court to exercise subject matter jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000.

## STANDARD OF REVIEW

A court cannot exercise personal jurisdiction over a defendant until the defendant has been served with process. *Omni Capital Int'l, Ltd. v. Rudolf Wolff &Co., Ltd.*, 484 U.S. 97, 104 (1987) (citing *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946)). A defendant may accordingly move to dismiss a complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). When a challenge to service of process is raised under Rule 12(b)(5), the party that served the process has the burden to prove that the service was sufficient. *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

## DISCUSSION

In its motion to dismiss, International Laboratories argues that the complaint should be dismissed for insufficient service of process because service did not comply with federal law. (Doc. 16.) Plaintiff opposes the motion, arguing first

5

that International Laboratories waived any objections to service of process when it took the affirmative steps of having counsel enter an appearance on its behalf and demanding a jury trial, and second that Plaintiff's service of process to International Laboratories was proper under 28 U.S.C. § 1448.  (Doc. 18 at 5–10.)  The court will first address Plaintiff's waiver argument and then turn its attention to the sufficiency of Plaintiff's service of process.

### A. International Laboratories Has Not Waived its Objections to Service of Process

Objections to a court's exercise of personal jurisdiction may be "affirmatively and implicitly waived" through a party's conduct during litigation.  *In re Asbestos Prods. Liab. Litig.*, 921 F.3d 98, 105 (3d Cir. 2019).  The party "is deemed to have consented to personal jurisdiction if the party actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum."  *Id.* (quoting *In re Tex. E. Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1236 (3d Cir. 1994)).

Here, as noted above, Plaintiff argues that International Laboratories has taken two actions that constitute a waiver of its objections to the court's exercise of personal jurisdiction—having counsel enter an appearance on its behalf and demanding a jury trial.  The former is easily resolved: an attorney's entry of an appearance in federal court does not waive a party's objections to the court's

exercise of personal jurisdiction.  *In re Real Estate Title & Settlement Servs. Antitrust Litig.*, 869 F.2d 760, 770 (3d Cir. 1989); *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc.*, 677 F. Supp. 289, 294 (M.D. Pa. 1987); 5B MARY KAY KANE & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1344, Westlaw (database updated Oct. 2020).

Whether a demand for a jury trial waives a party's objections to personal jurisdiction is less clear, as the question has never been decided by the Supreme Court, the Third Circuit, or any court in this district.  Several district courts around the country have addressed the question, and the majority of those courts have found that a jury demand does not waive a party's jurisdictional objections.  *See, e.g.*, *Rapid Displays, Inc. v. Ford, Walker, Haggerty & Behar, LLP*, No. 16-CV-01703, 2016 WL 6543207, at *3 (S.D. Cal. Nov. 3, 2016); *Green Plains Obion LLC v. Obion Grain Co., Inc.*, No. 8:10-CV-00251, 2010 WL 4721200, at *2 n.2 (D. Neb. Nov. 15, 2010); *Taylor v. Upshaw*, No. 87-CV-01009, 1988 WL 385091, at *2 (W.D. Mo. Aug. 10, 1988); *Owens v. Gen. Dynamics Corp.*, 686 F. Supp. 827, 830–31 (June 15, 1988); *Maybruck v. Haim*, 290 F. Supp. 721, 724 (S.D.N.Y. Sept. 24, 1968).  *But see Nelson v. Commercial Diving Servs.*, No. 00-CV-00781, 2000 WL 1093026, at *2 (E.D. La. Aug. 2, 2000) (finding that jury demand constituted waiver of personal jurisdiction objections).

Plaintiff in this case argues that International Laboratories' jury demand waived its objections to service of process because a jury demand is an "affirmative action" in litigating the case. (Doc. 18 at 6.) The court agrees with the majority of federal courts that have addressed this question, however, and concludes that merely filing a jury demand, absent other action, does not waive a party's objections to personal jurisdiction. A party's demand for a jury does not "demonstrate an intent by the party to use the court's jurisdiction for adjudication of a substantial right." *Owens*, 686 F. Supp. at 830–31. A demand for a jury signals only a party's choice as to the procedure by which the facts of a case would be decided in the event of a trial; it does not demonstrate the party's "willingness to engage in extensive litigation in the forum." *In re Asbestos Prods.*, 921 F.3d at 105. Accordingly, the court finds that International Laboratories has not waived its objections to the sufficiency of service of process in this case.

**B. Service of Process in This Case Complied with 28 U.S.C. § 1448**

Service of process in a case removed from state court is governed by 28 U.S.C. § 1448, which provides as follows:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448.

There is a significant split of authority both within this circuit and nationally as to whether § 1448 allows a plaintiff who has unsuccessfully attempted to serve a defendant in state court to complete service of process after removal by serving the defendant with the process that was issued by the state court. The split specifically relates to the last clause of the above quoted language: "such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." In the view of some courts, most notably the Ninth Circuit in *Beecher v. Wallace*, 381 F.2d 372 (9th Cir. 1967), § 1448 requires a plaintiff who did not properly serve a defendant prior to removal to serve that defendant with federal process. *Id.* at 372. Other courts reject this reading of the statute, reasoning that such a reading gives no effect to the word "completed," and holding that § 1448 allows a plaintiff to complete service of process in federal court by serving the defendant with the previously issued state process. *See, e.g.*, *Listle v. Milwaukee Cty.*, 926 F. Supp. 826, 827 (E.D. Wis. 1996).

Neither the Third Circuit nor any court in this district has ruled on this question, and other districts within the Third Circuit have split on the question. *Compare Laing v. Am. Strategic Ins. Corp.*, No. 14-CV-01103, 2014 WL 4953250, at *5 (D.N.J. Oct. 1, 2014) ("[I]f service was defective under state rules, a plaintiff may cure that defect and perfect service or may obtain an additional summons

9

under the federal rules."), *with Codrington v. Arch Specialty Ins. Co. of Tex.*, No. 1:19-CV-00026, 2019 WL 3554698, at *2 (D.V.I. Aug. 5, 2019) (holding that plaintiff could not serve defendant with state process because exclusive jurisdiction after removal was vested in the federal court), *Hakim v. Bay Sales Corp.*, No. 06-CV-06088, 2007 WL 2752077, at *2 (D.N.J. Sept. 17, 2007) (holding that plaintiff was required to serve federal process after removal under § 1448), *Wade v. Black Clawson*, No. 89-CV-02385, 1989 WL 138735, at *5 (D.N.J. Nov. 17, 1989) ("[S]ervice of process after removal in this action should have been accomplished according to federal procedure."), *and Fischman v. Fischman*, 470 F. Supp. 980, 984 (E.D. Pa. 1979) (holding that plaintiff completing service after removal needed to serve federal process under § 1448). Courts in the rest of the country are similarly split, with some holding that a plaintiff may complete service of state process,[3] and others requiring service of federal process.[4]

---

[3] *See Listle*, 926 F. Supp. at 827; *see also, e.g.*, *Oscar Ubaldo Garcia, Inc. v. Allied Prop. & Cas. Ins. Co.*, No. 17-CV-00243, 2017 WL 11221429, at *1 (W.D. Tex. Nov. 28, 2017); *Minter v. Showcase Sys., Inc.*, 641 F. Supp. 2d 597, 601–02 (S.D. Miss. 2009); *Spiritbank v. McCarty*, No. 08-CV-00675, 2009 WL 1158747, at *2 (N.D. Okla. Apr. 22, 2009); *Carden v. Wal-Mart Stores, Inc.*, 574 F. Supp. 2d 582, 587 (S.D. W. Va. 2008); *Scott v. Union Pac. R.R. Co.*, No. 06-CV-04057, 2007 WL 215804, at *1 (W.D. Ark. Jan. 25, 2007); *Schmude v. Sheahan*, 214 F.R.D. 487, 490 (N.D. Ill. 2003).

[4] *See Beecher*, 381 F.2d at 373; *see also, e.g.*, *Ketchmark v. Brown-Williamson Tobacco Corp.*, No. 18-CV-00079, 2018 WL 3451450, at *3 (D. Haw. July 17, 2018); *Club One Casino, Inc. v. Sarantos*, No. 1:17-CV-00818, 2017 WL 4123935, at *2 (E.D. Cal. Sept. 18, 2017); *Patterson v. Brown*, No. 3:06-CV-00476, 2008 WL 219965, at *3–5 (W.D.N.C. Jan. 24, 2008); *Alexander Techs., Inc. v. Int'l Frontier Forwarders, Inc.*, No. 05-CV-2598, 2006 WL 3694517, at *1 (S.D. Tex. Dec. 14, 2006); *Bruley v. Lincoln Prop. Co., N.C., Inc.*, 140 F.R.D. 452, 454 (D. Colo. 1991); *Dean Mktg., Inc. v. AOC Int'l (U.S.A.) Ltd.*, 610 F. Supp. 149, 151–52 (E.D. Mich. 1985).

Although the court acknowledges this split in authority, the text of § 1448 leads the court to conclude that a plaintiff may complete service of process after removal by serving the process that was previously issued by the state court.  *See Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004) (holding that statutory construction must begin with the text of the statute).  Section 1448 provides that process that was not adequately served in state court prior to removal "may be completed or new process issued in the same manner as in cases originally filed in such district court."  28 U.S.C. § 1448.  Reading this language as requiring service of federal process violates the anti-surplusage canon of statutory construction[5] because it gives no effect to the word "completed."  As the statute makes clear, service begun in state court "may be completed *or* new process issued in the same manner as in cases originally filed in such district court."  28 U.S.C. § 1448 (emphasis added).  The word "or" when used in a statute "is almost always disjunctive, that is, the words it connects are to 'be given separate meanings.'"  *United States v. Woods*, 571 U.S. 31, 45 (2013) (quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979)).  Thus, the language of § 1448 gives a plaintiff two

---

[5] Under the anti-surplusage canon, a court interpreting the language of a statute should "give effect, if possible, to every clause and word of a statute." *United States v. Jackson*, 964 F.3d 197, 203 (3d Cir. 2020) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)).

options to complete service: she may "complete" service of process that she previously attempted in state court, or she may serve new federal process.

Here, Plaintiff attempted to serve International Laboratories with state process prior to the case being removed from state court. (Doc. 16 at 2; Doc. 18 at 3.) That attempt at service proved unsuccessful, and she then reinstated the state process after removal and served International Laboratories with the reinstated state process. (Doc. 16 at 4; Doc. 18 at 4.) This is precisely the sort of completion of state process contemplated by § 1448, and the court will therefore deny the motion to dismiss for insufficient service of process.[6]

## CONCLUSION

For the foregoing reasons, International Laboratories' motion to dismiss is denied. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: November 16, 2020

---

[6] As noted above, Plaintiff has not filed proof of service. Plaintiff will be required to take this step in the order accompanying this opinion.