# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CINDY ORNER, *Individually and on Behalf of the Estate of Raymond J. Orner, Deceased*, <br><br>Plaintiff, <br><br>v. <br><br>INTERNATIONAL LABORATORIES, Inc., *et al.*, <br><br>Defendants. | Civil No. 1:20-CV-00449 <br><br><br><br><br><br><br><br><br><br><br><br>Judge Jennifer P. Wilson |

## MEMORANDUM

This is a products liability, negligence, and wrongful death suit arising out of the alleged mislabeling of medication. The case is presently before the court on a motion to dismiss the complaint for failure to state a claim upon which relief may be granted filed by Defendants Walmart Stores East, L.P. and Walmart Supercenter #3633 (collectively referred to as "Walmart" or "Walmart Defendants"). For the reasons that follow, the motion to dismiss is granted.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Cindy J. Orner ("Plaintiff") initiated this case through the filing of a writ of summons on December 11, 2019 in the Franklin County Court of Common Pleas and subsequently filed a complaint in that court on behalf of herself and the estate of her husband, Raymond J. Orner, Jr. ("Decedent"), on February 26, 2020. (Doc. 1-3.) According to the allegations in the complaint, Decedent had been

1

taking prescription Clopidogrel since April 2017.  (Doc. 1-3 ¶ 15.)  Clopidogrel "is a platelet inhibiting medication that is prescribed to patients with various cardiovascular diseases, peripheral arterial disease, and patients with a history of strokes."  (*Id.* ¶ 16.)  Decedent was prescribed Clopidogrel "as a prophylactic measure for the prevention of blood clots, heart attacks, and strokes."  (*Id.* ¶ 17.)  Missed doses of Clopidogrel increase a person's risk of life-threatening heart attacks and strokes.  (*Id.* ¶ 18.)

On November 16, 2017, Decedent went to Walmart Supercenter #3633 ("the store") in Waynesboro, Pennsylvania to fill his Clopidogrel prescription.  (*Id.* ¶¶ 8, 19.)  The store had previously received a shipment from Defendant International Laboratories, LLC ("International Laboratories") that purportedly contained 75-milligram bottles of Clopidogrel.  (*Id.* ¶ 20.)  Many of the bottles in the shipment, however, actually contained 10-milligram tablets of a different medication, Simvastatin.  (*Id.* ¶ 22.)  The store distributed one of those bottles to Decedent.  (*Id.* ¶ 23.)  Thus, rather than receiving Clopidogrel in accordance with his prescription, Decedent allegedly received a bottle of Simvastatin that had been mislabeled as a bottle of Clopidogrel.  (*Id.*)

Believing that he had received the correct medication from the store, Decedent took Simvastatin instead of Clopidogrel for several weeks.  (*Id.* ¶ 24.)

Because he was not taking Clopidogrel in accordance with his prescription, his risk of suffering a heart attack or a stroke increased. (*Id.* ¶ 25.)

On December 12, 2017, Decedent suffered a heart attack and died at the age of 55. (*Id.* ¶¶ 26–27.) Decedent's family believed that the heart attack was brought on by natural causes until they received a letter from International Laboratories on January 10, 2018, which acknowledged that some bottles labeled as Clopidogrel had actually contained Simvastatin. (*Id.* ¶¶ 28–29.)

Plaintiff's complaint names as Defendants the Walmart Defendants and International Laboratories. (*Id.* ¶¶ 6–8.) The complaint raises causes of action for strict products liability, negligence, and wrongful death against International Laboratories and separate causes of action for negligence and wrongful death against Walmart. (*Id.* ¶¶ 30–60.)

Walmart removed the case to this district on March 16, 2020. (Doc. 1.) Walmart then moved to dismiss the complaint for failure to state a claim upon which relief may be granted and failure to properly join an indispensable party on March 23, 2020. (Doc. 5.) Briefing on the motion to dismiss is complete, and the motion is ripe for the court's disposition. (*See* Docs. 6, 10.)[1]

---

[1] International Laboratories has also moved to dismiss the complaint for improper service of process under Federal Rule of Civil Procedure 12(b)(5). (Doc. 15.) That motion to dismiss is addressed in a separate opinion.

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1332, which allows a district court to exercise subject matter jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

### A. The Complaint Fails to State a Claim Upon Which Relief May Be Granted

Plaintiff's claims against Walmart sound in negligence and wrongful death. To state a negligence claim upon which relief may be granted under Pennsylvania law, a plaintiff must allege (1) that the defendant owed a duty of care to the plaintiff, (2) that the defendant breached that duty, (3) that there was a causal connection between the defendant's breach and the plaintiff's injury, and (4) that the plaintiff suffered an actual loss or injury as a result. *Brewington ex rel. Brewington v. City of Philadelphia*, 199 A.3d 348, 355 (Pa. 2018). To state a claim for wrongful death, a plaintiff must allege that the defendant's wrongful or neglectful act caused the death of the decedent. 42 Pa.C.S. § 8301; *Hatwood v. Hosp. of the Univ. of Pa.*, 53 A.3d 1229, 1235 (Pa. Super. Ct. 2012).

In this case, Plaintiff alleges that Walmart "had a duty to establish and execute policies, procedures, and guidelines" to prevent "customers from receiving incorrect medications" and that it had a duty "to hire, train, supervise, and retain qualified employees . . . who would not place customers in danger by providing them with incorrect medications." (Doc. 1-3 ¶¶ 52–53.) Plaintiff alleges that Walmart breached these duties because it failed to develop adequate policies and procedures to prevent customers from receiving incorrectly labeled medication and

failed to hire, train, supervise, and retain employees who were capable of preventing such errors.  (*Id.* ¶¶ 54–55.)  Plaintiff alleges that these breaches caused Decedent's heart attack and death.  (*Id.* ¶¶ 56–57.)  Plaintiff's wrongful death claim against Walmart is based on the same alleged negligence.  (*See id.* ¶¶ 58–60.)

Walmart argues that the claims against it should be dismissed for failure to state a claim upon which relief may be granted because the complaint does not adequately allege that Walmart owed Decedent a duty of care, that Walmart breached that duty, or that Walmart's actions caused Decedent's injury.  (Doc. 6 at 6–7.)  Plaintiff disagrees, arguing that the complaint states a negligence claim upon which relief may be granted because it alleges that Walmart was in control of all medications that were sold to customers at the store; that Walmart had a duty to implement policies and procedures to prevent customers from receiving improperly labeled medication; and that Walmart had a duty to hire, train, and supervise qualified employees for the same purpose.  (Doc. 10 at 5–8.)

Having reviewed the parties' arguments, the court agrees with Walmart that the complaint fails to state a negligence claim upon which relief may be granted against Walmart, and, by extension, fails to state a wrongful death claim upon which relief may be granted against Walmart.  To begin, the complaint fails to allege that Walmart breached any legally relevant duty to Decedent or Plaintiff.

The complaint does not allege that Walmart had a duty to inspect the contents of the medication bottle that was provided to Decedent, nor does it allege that Walmart had any knowledge that the contents of the bottle were improperly labeled. Absent such allegations, there is no basis to hold Walmart liable for Decedent's death.

Similarly, the complaint fails to allege any facts that could support a finding that Walmart's actions caused Decedent's death. The complaint alleges that the mislabeled bottle containing Simvastatin was manufactured and mislabeled by International Laboratories and reached Decedent "without any alterations or changes in its condition." (Doc. 1-3 ¶ 33.) Thus, because there is no allegation of affirmative wrongdoing by Walmart, any claims against Walmart would have to be based on Walmart failing to inspect the bottle before selling it to Decedent. As noted above, however, the complaint does not allege that Walmart had a duty to inspect the bottle or any knowledge that the bottle contained the wrong medication.

Thus, because the complaint fails to allege that Walmart breached a relevant duty and fails to allege that Walmart's actions caused Decedent's death, the court finds that the complaint fails to state a negligence claim upon which relief may be granted against Walmart. It follows from that conclusion that the complaint fails to state a wrongful death claim upon which relief may be granted against Walmart because it fails to allege a wrongful or neglectful act by Walmart. *See* 42 Pa.C.S. §

7

8301.  The court will therefore dismiss both claims against Walmart.  The court will, however, grant Plaintiff leave to amend the claims against Walmart because amendment of those claims would be neither inequitable nor futile.  *Houle v. Walmart Inc.*, 447 F. Supp. 3d 261, 273 (M.D. Pa. 2020) ("[I]f a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." (citing *Phillips v. Allegheny Cty.*, 515 F.3d 224, 245 (3d Cir. 2008))).

### B. The Court Will Not Address Walmart's Indispensable Party Argument

Walmart additionally moves to dismiss the complaint for failure to join an indispensable party under Federal Rules of Civil Procedure 12(b)(7) and 19.  Specifically, Walmart argues that International Laboratories is an indispensable party and that the complaint should therefore be dismissed "[i]n the event that International Laboratories was not properly served."  (Doc. 6 at 8.)  In a separate opinion on today's date, however, the court concluded that International Laboratories was properly served and denied that party's motion to dismiss for insufficient service of process.  Accordingly, this portion of Walmart's motion to dismiss is now moot and the court will not consider it.

## CONCLUSION

For the foregoing reasons, Walmart's motion to dismiss is granted. An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: November 16, 2020